IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NEXLEARN, LLC

        Plaintiff,

v.

ALLEN INTERACTIONS, INC.

        Defendant.

Case No. 6:15-CV-01294

## COMPLAINT

Plaintiff, NexLearn, LLC ("NexLearn") for its Complaint against Defendant, Allen Interactions, Inc. ("Allen") states as follows:

### NATURE OF THE CASE

1. This Complaint asserts claims for: (1) patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code; and (2) breach of contract. This Court has original jurisdiction over the patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the breach of contract claim.

### THE PARTIES

2. NexLearn is a Kansas limited liability company having its principal place of business at 100 South Main Street, Wichita, Kansas. NexLearn is one of the leading providers of immersive learning technology in the country. NexLearn pioneered the creation of sophisticated software tools for authoring learning and behavioral simulations. NexLearn's social simulation technology, SimWriter®, has won numerous awards, including the Excellence in Technology Gold Award for Best Advance in Technology for Game or Simulation Authoring in both 2009 and 2010. In 2009, NexLearn was named Harvard Business Publishing's Partner of the Year based largely on its work with SimWriter®. Client users of SimWriter® include Harvard

Business Publishing, Koch Industries, Oracle, UBS, BMS, FDIC, FRB, and dozens of like companies, government agencies and departments, and academic institutions.

3. On August 5, 2014, NexLearn was issued a patent on key aspects of its social immersive learning technology for simulation authoring, including mapping, advanced scoring, and conditional branching of social stimulation stages: U.S. Patent No. 8,782,522 B2 ("the '522 patent"), titled "Simulation Authoring Tool."

4. Allen is a Minnesota corporation having its principal place of business at 1120 Centre Pointe Drive, #200, Mendota Heights, MN 55120.

## JURISDICTION AND VENUE

5. Allen is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Kansas such that it should reasonably and fairly anticipate being haled into court in Kansas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## BACKGROUND

7. Allen is a direct competitor of NexLearn. After observing the success of, and acclaim for, SimWriter®, Allen executives requested the opportunity to learn more about NexLearn, and its plans for the "next generation" SimWriter®: the version 3.5 Trial Release. In that regard, on February 10, 2009, Allen executed a Mutual Nondisclosure Agreement ("NDA," Exhibit A). Allen's stated reason for its review of NexLearn's technology was to evaluate the possibility of purchasing SimWriter® for its own product line. As one Allen executive stated: "I think this [SimWriter®] is something we would benefit from using and selling."

8. After Allen executed the NDA, NexLearn provided Allen with access to the demo version of SimWriter®. Allen accessed that demo on several occasions, after which Allen stated that it was no longer interested in pursuing a deal with NexLearn over SimWriter®. On information and belief, Allen was in the process of creating its own simulation authoring tool and was analyzing the confidential demo for features and functionality to include in that tool.

9. Thereafter, Allen launched its own "me too" simulation authoring tool: ZebraZapps. ZebraZapps offers functionalities that appear to mimic key features of SimWriter® which Allen learned from its analysis of the confidential demo. For example, ZebraZapps includes a "wiring" feature that allows its developers to create branching social scenarios featuring characters that represent real people ("role plays") that are consequence-based and driven by the decisions an end-user makes during the scenario. Wiring directly mimics several features of the SimWriter® confidential demo, including conditional branching, consequence-based possibilities, and the ability to create a plurality of responses. Other features, such as ZebraZapps' "Event Flow," also appear to have been "inspired" by Allen's analysis of the SimWriter® confidential demo.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

11. Allen's misuse of NexLearn's confidential information constitutes a breach of the NDA, and NexLearn has been damaged thereby.

## COUNT II
## PATENT INFRINGEMENT

12. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as if set forth fully herein.

13. Allen's ZebraZapps infringes at least claims 1, 3-9, 11, 12, 14 and 25 of the '522 patent.

14. Allen's acts of infringement have injured NexLearn and NexLearn is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

15. Allen's infringement has been willful in that it has continued despite Allen's knowledge of the '522 patent, and despite an objectionably high likelihood that Allen's actions constitute infringement of the '522 patent.

## PRAYER FOR RELIEF

WHEREFORE, NexLearn respectfully asks this Court to enter judgment against Allen, granting the following relief:

    a. The entry of judgment in favor of NexLearn and against Allen on Count I;

    b. An award of damages adequate to compensate NexLearn for Allen's breach of contract, plus attorney's fees and costs of suit.

    c. The entry of judgment in favor of NexLearn and against Allen on Count II;

    d. An award of damages, such damages adequate to compensate NexLearn for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284, together with prejudgment interest from the date the infringement began;

    e. An award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

    f. A permanent injunction prohibiting Allen from further acts of infringement of the asserted patent; and

g.  Such other relief that NexLearn is entitled to under law, and any other relief that this Court or a jury may deem just and proper.

## JURY DEMAND

NexLearn demands a trial by jury on all issues presented in this Complaint.

## DESIGNATION

NexLearn requests Wichita, Kansas as the location designation.

Respectfully submitted,

*/s/ Karen R. Miller*

Karen R. Miller, #24172
NexLearn, LLC
100 S. Main Street – Suite 300
Wichita, KS 67202
Tel:  (316) 265-2170
Email: kmiller@nexlearn.com

Paul K. Vickrey *(pro hac vice pending)*
Olivia T. Luk *(pro hac vice pending)*
Gina K. Kim *(pro hac vice pending)*
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Tel.:  (312) 236-0733
Emails: vickrey@nshn.com; oluk@nshn.com; gkim@nshn.com

**Attorneys for Plaintiff, NexLearn, LLC**